IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STATE OF GEORGIA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV 116-204 |
| | ) | |
| RONNIE DEMMONS, a/k/a | ) | |
| NEGUS KWAME FAHIM ASIEL-DEY, | ) | |
| a Man, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

On January 27, 2016, the State of Georgia charged Defendant with misdemeanor offenses of (1) reckless conduct, in violation of O.C.G.A. § 16-6-60, and (2) pointing or aiming a gun or pistol at another, in violation of O.C.G.A. § 16-11-102. (Doc. no. 1-1, p. 8, "Ex. C."). Defendant, who is proceeding *pro se*, then filed the instant "Notice of removal," in which he purports to remove his criminal case to federal court pursuant to Article I, Section X, Articles II, IV, V, and VII, 28 U.S.C. §§ 1331, 1343(a)(3), as well as the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. After a review of Defendant's notice of removal, the Court **REPORTS AND RECOMMENDS** this action be **DISMISSED**.

The threshold issue raised by Defendant's notice is whether the Court has jurisdiction to hear his claims, which concern misdemeanor offenses of reckless conduct and pointing a firearm at another. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist

arises." Fitzgerald v. Seaboard System R. R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* . . . The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence . . . . Thus, the party invoking the federal court's jurisdiction bears the burden of proof . . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.

Fitzgerald, 760 F.2d at 1251 (citations omitted). Contrary to Defendant's assertions regarding this Court's authority to hear his claims, the Court finds it does not have jurisdiction over this matter because Defendant has not alleged any legitimate basis for this Court's jurisdiction. (See doc. no. 1.)

Defendant's action is based on alleged violations of Official Code of Georgia ("O.C.G.A.") §§ 16-6-60, 16-11-102. (Doc. no. 1-1, p. 8, "Ex. C.") The Supreme Court of the United States has determined federal courts have no jurisdiction over criminal matters, except for what is provided by statute. See United States v. Hudson, 11 U.S. 32, 33-34 (1812) (noting that "jurisdiction of crimes against the state is not among [the] powers" implied to federal courts). Here, Defendant has failed to point to any valid authority demonstrating this Court has subject-matter jurisdiction over his claims, which concern criminal matters firmly within the purview of the O.C.G.A.

2

To the extent that Defendant intends to challenge the validity of any sentence that may be imposed, the Court notes that any such action is premature. First, it does not appear that Defendant has been convicted or sentenced.[1] Notably, even if Defendant *had* already been sentenced, a petitioner may not bring a federal habeas petition before first exhausting his state remedies. Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). Accordingly, even if Defendant's notice were to somehow be construed as a federal habeas petition, such petition is markedly premature and therefore subject to dismissal on that ground.

For the reasons set forth above, the Court **REPORT AND RECOMMENDS** the case

---

[1] See Richmond County Clerk of Court Web Docket, available at http://coc.augustaga.gov/webFormFrame.aspx?page=main (follow "Criminal Search" hyperlink; then search for "Demmons, Ronnie", last visited February 16, 2017); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

be **DISMISSED.**

SO REPORTED AND RECOMMENDED this 17th day of February, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA